**JS 44** (Rev. 12/07) (cand rev 1-08)

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ART MICHELETTI | BANK OF AMERICA, N.A., and LARRY JOHNSTON |

| (b) County of Residence of First Listed Plaintiff San Mateo | County of Residence of First Listed Defendant North Carolina |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| (c) Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| James M. Wagstaffe, Esq. | James B. Wright, Esq. (63241) |
| Kerr & Wagstaffe LLP | Buchalter Nemer, A Professional Corporation |
| 100 Spear Street, Suite 1800 | 333 Market Street, 25th Floor |
| San Francisco, CA 94105 | San Francisco, CA 94105-2126 |

08 - 3557 BZ

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State. | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Injury Product Liability | ☐ 640 R.R.& Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☒ 370 Other Fraud | ☐ 660 Occupational Safety/Health | | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA(1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities – Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. section 1332

Brief description of cause:
Breach of fiduciary duty

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE". | Case No. 08 CV-02902-JSW |
|---|---|---|

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)
☒ SAN FRANCISCO/OAKLAND
☐ SAN JOSE

DATE July 24, 2008

SIGNATURE OF ATTORNEY OF RECORD
RICHARD C. DARWIN

American LegalNet, Inc.
www.FormsWorkflow.com

1  BUCHALTER NEMER
   A Professional Corporation
2  JAMES B. WRIGHT (SBN: 63241)
   RICHARD C. DARWIN (SBN: 161245)
3  333 Market Street, 25th Floor
   San Francisco, CA 94105-2126
4  Telephone: (415) 227-0900
   Facsimile: (415) 227-0770
5  *jwright@buchalter.com*

6  Attorneys for Defendants
   BANK OF AMERICA, N.A. and LARRY JOHNSTON
7

8              **UNITED STATES DISTRICT COURT**                    **BZ**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10                        **CV 08        3557**

11  ART MICHELETTI, an individual,          CASE NO.

12              Plaintiff,                   **NOTICE OF REMOVAL OF CIVIL
                                            ACTION PURSUANT TO 28 U.S.C.**
13          vs.                             **SECTIONS 1441(a), 1441(b), AND 1446
                                            (DIVERSITY)**
14  BANK OF AMERICA, N.A., a national
    banking association, LARRY JOHNSTON,
15  an individual, and DOES 1-10,

16              Defendants.

17

18

19          **TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE**

20  **NORTHERN DISTRICT OF CALIFORNIA, ALL INTERESTED PARTIES, AND THEIR**

21  **COUNSEL OF RECORD:**

22          **PLEASE TAKE NOTICE** that Defendants Bank of America, N.A. ("Bank of America")

23  and Larry Johnston hereby remove the above-captioned action, Case No. CGC 08-477590,

24  currently pending in the Superior Court of the State of California in and for the County of San

25  Francisco, to the United States District Court for the Northern District of California, pursuant to

26  28 U.S.C. Sections 1441(a), 1441(b), and 1446. Federal jurisdiction over this action is proper on

27  the basis of diversity jurisdiction under 28 U.S.C. Sections 1332 and 1441(b). Removal is based

28  upon the following grounds:

BN 2106201v3                            1

1.     On or about June 11, 2008, Bank of America filed a petition to compel arbitration in the United States District Court for the Northern District of California, entitled "*Bank of America, N.A., a national banking association, Petitioner, v. Micheletti Family Partnership, a California limited partnership, Arthur Micheletti, an individual, and Janice Micheletti, an individual, Respondents*," Case No. 08 CV-02902 JSW (the "Federal Petition"). Arthur Micheletti, Janice Micheletti, and the Micheletti Family Partnership were all hand served with a summons and the Federal Petition on June 13, 2008. In the Federal Petition, Bank of America alleged that disputes have arisen between itself and Arthur Micheletti, Janice Micheletti, and the Michelettis that Bank of America breached a fiduciary duty in its dual role as the trustee of a trust that owned the subject premises, and as the tenant in the Lease Agreement. On the basis of those disputes, and the existence of an arbitration provision in the Lease Agreement, Bank of America seeks an order from this federal district court compelling the parties to arbitrate the aforementioned disputes.

2.     On or about July 16, 2008, in an effort to avoid federal jurisdiction, plaintiff Art Micheletti ("Micheletti") filed an action in the Superior Court of the State of California in and for the County of San Francisco, entitled "*Art Micheletti, an individual, Plaintiff. v. Bank of America, N.A., a national banking association, Larry Johnston, an individual, and Does 1-10, Defendants*," Case No. CGC 08-477590 (the "State Action") to adjudicate in state court the same claims raised in the Federal Petition. On July 16, 2008, the San Francisco Superior Court issued a notice scheduling a case management conference. True and correct copies of the summons, complaint, and the notice of case management conference, which together constitute the entirety of the process, pleadings and orders in the State Action, are attached hereto as Exhibit A.

3.     The complaint in the State Action alleges causes of action for (1) breach of fiduciary duty, (2) imposition of a constructive trust, (3) waste, (4) constructive fraud, (5) negligence, and (6) conversion. The summons and complaint in the State Action were served on Bank of America and Johnston, through their counsel, by hand on July 18, 2008.

BN 21062011v3

2

4.     Pursuant to 28 U.S.C. Section 1446 and Rule 6 of the Federal Rules of Civil Procedure, Bank of America and Mr. Johnston have until August 18, 2008 to file a notice of removal. This notice of removal, which is jointly filed on behalf of Bank of America and Mr. Johnston, is therefore timely filed.

### JURISDICTION

5.     The State Action is a matter over which this Court has original diversity jurisdiction under 28 U.S.C. Section 1332, and is properly removable pursuant to the provisions of 28 U.S.C. Sections 1441(a) and (b), because it is a civil action wherein the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and – with the exception of a sham defendant who may be disregarded under the "fraudulent joinder" rule – it is between citizens of different states, as set forth below.

6.     Plaintiff Micheletti is a resident of San Mateo County, California.

7.     Defendant Bank of America is a national banking association with its headquarters in Charlotte, North Carolina.

8.     Defendant Larry Johnston is a 78-year old former employee of Bank of America and is a resident of San Mateo County, California. Mr. Johnston is identified and sued in the State Action solely in his capacity as a Bank of America employee; the complaint does not contain a single allegation against Mr. Johnston that is not explicitly premised upon his role as an employee of the bank. *See, e.g.,* Complaint at ¶¶ 8, 31, 43, 46, 63, and 74. Rather, Mr. Johnston was included as a defendant for the sole purpose of defeating diversity jurisdiction and avoiding the jurisdiction of the federal courts. Because there is no valid legal or factual basis upon which Mr. Johnston may be held independently liable to Micheletti, and that no cause of action can be stated against him, Mr. Johnston's joinder as a defendant in the State Action was fraudulent and must be disregarded for purposes of determining the existence of diversity jurisdiction. *See, Morris v. Princess Cruises, Inc.* (9th Cir. 2001) 236 F.3d 1061; *McCabe v. General Foods, Inc.* (9th Cir. 1987) 811 F.2d 1336, 1339.

9.     The complaint in the State Action does not contain a specific reference to an amount in controversy. When the amount in controversy is unclear, the Court may consider the

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

1   amount in controversy based on the damages that can reasonably be anticipated at the time of

2   removal. *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002).

3        10.    On or about July 18, 1977, Bank of America N.T. & S.A., as the tenant, entered

4   into the Lease Agreement with the Arturo Micheletti Trust ("Trust") as landlord, for premises

5   located in San Mateo, California. Micheletti was a beneficiary of the Trust. Bank of America,

6   N.A. is the successor in interest to Bank of America N.T. & S.A. As outlined in the complaint in

7   the State Action and the Federal Petition, disputes have arisen between the Bank and Micheletti

8   regarding the Lease Agreement. Micheletti has alleged that the Lease Agreement is invalid and

9   should be revoked because the Bank's predecessor-in-interest allegedly breached its fiduciary

10  duties as the trustee of the Trust by signing the Lease Agreement both as trustee/landlord and as

11  tenant. These are the same disputes that form the subject matter of the Federal Petition described

12  above. As a consequence of the disputes outlined in the complaint, Micheletti is demanding that

13  the Bank perform extensive repairs at the leased premises and is asserting damage claims in

14  excess of $1 million. Micheletti's alleged damages therefore exceed the $75,000 amount in

15  controversy requirement.

16                          **INTRADISTRICT ASSIGNMENT**

17       11.    Pursuant to Local Rule 3-2(d), this action should be assigned to the San Francisco

18  or Oakland Division, as a substantial part of the events giving rise to the claims addressed in the

19  State Action occurred in San Mateo County, California.

20                                  **NOTICE**

21       12.    Attached hereto as Exhibit "B" is a copy of the Notice to State Court and Adverse

22  Parties of Removal of Civil Action to United States District Court under 28 U.S.C. §§ 1441 and

23  1446 Based On Diversity Jurisdiction. Bank of America will promptly serve Exhibit B on

24  counsel for Micheletti, and will file it with the Clerk of the San Francisco Superior Court. *See* 28

25  U.S.C. §§ 1446(a), (d).

26       WHEREFORE, Bank of America prays that the above-entitled action now pending in the

27  Superior Court of the State of California in and for the County of San Francisco be removed to

28

BN 2106201v3                            4

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

NOTICE OF REMOVAL

1    this Court pursuant to 28 U.S.C. § 1441(b).

2    DATED: July __24__, 2008

                                      BUCHALTER NEMER
                                        A Professional Corporation

                                        By: _____
                                              RICHARD C. DARWIN
                                              Attorneys for Defendants
                                       BANK OF AMERICA, N.A. and LARRY
                                                       JOHNSTON

# SUMMONS
## (CITACIÓN JUDICIAL)

**SUM-100**

| | FOR COURT USE ONLY |
|---|---|
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BANK OF AMERICA, N.A., a national banking
association, and LARRY P. JOHNSTON, an individual

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ART MICHELETTI, an individual

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es)*

CASE NUMBER:
*(Número del Caso):*

San Francisco Superior Court
400 McAllister St.
San Francisco 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

James M. Wagstaffe (95535)                                           (415) 371-8500
Adrian J. Sawyer (203712)
Kerr & Wagstaffe LLP
100 Spear St., Ste. 1800, San Francisco, CA, 94105

DATE: _____ Clerk, by _____, Deputy
*(Fecha)*                          *(Secretario)*                          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf *(specify):* Bank of America N.A.

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)          ☒ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date)*:                          **Page 1 of 1**

| [SEAL] | |
|---|---|

Form Adopted for Mandatory Use
Judicial Council of California

**SUMMONS**

Legal Solutions

Code of Civil Procedure §§ 412.20, 465

EXHIBIT A

1 | JAMES M. WAGSTAFFE (95535)
ADRIAN J. SAWYER (203712)
2 | **KERR & WAGSTAFFE LLP**
100 Spear Street, Suite 1800
3 | San Francisco, CA 94105–1528
Telephone: (415) 371-8500
4 | Fax: (415) 371-0500
Email: sawyer@kerrwagstaffe.com
5 |
Attorneys for Plaintiff
6 | ART MICHELETTI

ENDORSED
FILED
San Francisco County Superior Court

JUL 1 6 2008

GORDON PARK-LI, Clerk
BY: _____ Deputy Clerk
E. IVAT

CASE MANAGEMENT CONFERENCE SET

DEC 1 9 2008 - 9ᵐ AM

7 |

8 | **DEPARTMENT 212**
9 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
10 | **COUNTY OF SAN FRANCISCO**
11 |

12 | ART MICHELETTI, an individual,

13 | Plaintiff,

14 | v.

15 | BANK OF AMERICA, N.A., a national
16 | banking association, LARRY P. JOHNSTON,
17 | an individual, and DOES 1-10,

18 | Defendants.

Case No.

**COMPLAINT:** CGC-08-477 505

**(1) BREACH OF FIDUCIARY DUTY**

**(2) IMPOSITION OF CONSTRUCTIVE TRUST AND ACCOUNTING**

**(3) WASTE**

**(4) CONSTRUCTIVE FRAUD**

**(5) NEGLIGENCE**

**(6) CONVERSION**

**JURY TRIAL DEMANDED**

19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

KERR

1

## SUMMARY OF CLAIM

2    1.    This is an action involving over thirty years' worth of self-dealing by Bank of

3  America ("BofA"), culminating in events which are only now unfolding. Since 1929, BofA

4  served as the trustee of a trust created by Art Micheletti's now-deceased father, managing (or,

5  more accurately, mismanaging) real estate in the Bay Area for the trust. After years of

6  mismanaging the property, and on the eve of the death of the settlor's wife—an event that would

7  terminate the trust under its terms—BofA took the opportunity to lock up trust property in a

8  below market 30-year lease **to itself** with an option to renew for 20 years more thereafter. BofA

9  wanted this particular property because BofA owned the property next door.

10    2.    Not surprisingly, BofA negotiated very good terms with itself. BofA paid the

11  trust below market rent that did not even fully track CPI increases, occupying a large portion of

12  the building and subleasing the rest. And BofA allowed itself to do whatever it wanted with the

13  building, subject only to the obligation to put up a demising wall between its property next door

14  and the leased property upon termination of the lease. As a fiduciary who locked up a trust asset

15  in a long-term obligation that exceeded the terms of the trust and was entered into for BofA's

16  own benefit, BofA had a continuing fiduciary duty with respect to the property that continued for

17  the duration of the lease.

18    3.    When the trust terminated shortly after BofA entered into this self-dealing lease,

19  BofA remained in possession of the building, acting as the owner for all intents and purposes,

20  remodeling without telling the Micheletti family, and purporting to manage the property for their

21  benefit. Thus did BofA continue in a fiduciary capacity with respect to the property.

22    4.    Thirty years have passed, and BofA is ready to wash its hands of the building. It

23  has benefited from a below-market rent for years, has damaged the property, and has now

24  returned possession of the damaged building to Plaintiff and the Micheletti family. This action

25  seeks to remedy BofA's breach of trust and waste of the property.

26

## VENUE

27    5.    Venue is proper in this County because a substantial part of the events giving rise

28  to the claim occurred in this County. On information and belief, the lease that gives rise to the

KERR
W······

- 1 -

1   breaches of fiduciary duty alleged herein was signed and approved by BofA in San Francisco,

2   and the trust at issue encompassed property located in San Francisco County. In addition, at the

3   time that lease was negotiated, BofA's headquarters were in San Francisco, and even now,

4   BofA's principal place of business in California is located in San Francisco.

5                                   **PARTIES**

6        6.      Plaintiff Art Micheletti, an individual, resides in Santa Clara County, California

7   and is a beneficiary of the Arturo Micheletti Trust.

8        7.      Defendant Bank of America, N.A., is the successor in interest to Bank of

9   America, N.T. & S.A., the trustee of the Arturo Micheletti Trust, and the past landlord and

10  current tenant and sublessor of the property in San Mateo.

11       8.      Defendant Larry P. Johnston is a former Vice President and trust officer of Bank

12  of America. On information and belief, Johnston is a California citizen and resides in San Mateo

13  County, California.

14       9.      The true names and capacities, whether individual, corporate, associate or

15  otherwise, of defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore

16  sues said defendants by such fictitious names pursuant to California Code of Civil Procedure

17  section 474. Plaintiff further alleges that each of said fictitious defendants is in some manner

18  responsible for the acts and occurrences herein set forth. Plaintiff will amend this complaint to

19  show these defendants' true names and capacities when the same are ascertained, as well as the

20  manner in which each fictitious defendant is responsible.

21       10.     Plaintiff is informed and believes, and upon such basis allege, that at all times

22  herein mentioned, each of the defendants herein was an agent, servant, employee, co-conspirator,

23  partner, joint venturer, wholly owned and controlled subsidiary, and/or alter ego of each of the

24  remaining defendants, and was at all times acting within the course and scope of said agency,

25  service, employment, conspiracy, partnership and/or joint venture.

26

27

28

KERR

- 2 -

1

## FACTUAL ALLEGATIONS

2

### Overview Of The Trust

3    11.    In 1931, Arturo Micheletti, as trustor, executed a Substituted Declaration of Trust

4    whereby he created the Arturo Micheletti Trust (the "Trust"). BofA was the trustee of the Trust.

5    Arturo Micheletti chose BofA because he had a close personal friendship with A.P. Gianinni, the

6    founder of BofA. Plaintiff Art Micheletti's middle name, Amadeo, was chosen in honor of A.P.

7    Gianinni, whose first name was also Amadeo. As a result, Arturo Micheletti had every reason to

8    believe that BofA would do the right thing by his family, the beneficiaries of the Trust. As

9    explained below, by 1977, long after Arturo Micheletti and A.P. Gianinni had passed away,

10    BofA was doing anything but the right thing by the beneficiaries.

11    12.    In 1940, Arturo Micheletti executed a First Amendment to Substituted

12    Declaration of Trust (the "Trust Document"). BofA remained the trustee. The Trust Document

13    provided that the trust corpus consisted of real property situated in San Francisco and San Mateo

14    Counties. Among the real property that made up the trust corpus was a parcel in San Mateo

15    located on B Street (the "B Street Property").

16    13.    Arturo Micheletti, the trustor, died in September 1940, shortly after executing the

17    Trust Document.

18    14.    The Trust Document provided that, after the trustor's death, the trust became

19    irrevocable. The Trust Document further provided that thereafter BofA was to make monthly

20    distributions to Teresa Micheletti, the trustor's wife and Plaintiff Art Micheletti's mother, and to

21    Plaintiff Art Micheletti and his brother, until the termination of the Trust.

22    15.    The Trust Document further provided that that Trust would terminate upon the

23    death of Teresa Micheletti, if Plaintiff Art Micheletti and his brother were over 25 at the time.

24    16.    Upon termination, the principal of the trust estate and "any undistributed income"

25    on that principal was to go in equal shares to Art and his brother.

26    17.    In 1980, Teresa Micheletti died. The Trust nominally terminated. Under this

27    nominal termination, the B Street Property went to Art in its entirety.

28

KERR

- 3 -
COMPLAINT

1    18.    Subsequent to the nominal termination of the trust, Plaintiff Art Micheletti deeded

2  the B Street Property to himself and his wife as community property in 1982. Then, in 1993, the

3  B Street Property was transferred to a trust set up by Plaintiff Art Micheletti and his wife, the

4  Arthur J. Micheletti and Janice M. Micheletti 1993 Inter Vivos Trust ("1993 Trust"). Finally, in

5  1994, the B Street Property was deeded to Plaintiff Art Micheletti and his wife as general

6  partners of the Micheletti Family Partnership. The 1993 Trust and the Micheletti Family

7  Partnership have assigned their claims against Defendants to Art Micheletti, Plaintiff herein.

8  **On The Eve of Trust Termination, BofA Enters Into A Self-Dealing Lease**

9    19.    The Trust Document gave the trustee the "absolute discretion to lease for terms

10  within or extending beyond the duration of the trust . . . for such consideration . . . as the trustee

11  shall in its absolute discretion deem for the best interests of the trust . . . ."

12    20.    As the emphasized language makes clear, this discretion was supposed to be

13  exercised in the best interests of the trust. BofA, however, in violation of its fiduciary duty,

14  leased the B Street Property to itself on very favorable terms, in a long-term lease that would

15  undoubtedly extend beyond the term of the trust, as described next.

16    21.    In 1977, when Teresa Micheletti was 83 years old and in poor health, BofA, the

17  trustee entered into a ground lease with BofA whereby BofA leased the trust property for 30

18  years. As it was virtually certain that Teresa Micheletti would not live another 30 years, BofA

19  knew when it entered into the ground lease that the lease would outlast the Trust.

20    22.    BofA was keen to get its hands on the property, as the B Street Property was

21  adjacent to a BofA branch in San Mateo. BofA believed it could expand its operations in that

22  branch via a sweetheart deal, that it would negotiate with itself, that would let it have the run of

23  the B Street Property. Indeed, the year after signing the lease, BofA made a favorable lot-line

24  adjustment to 255 South B Street for no apparent reason.

25    23.    The 1977 lease was enormously favorable to BofA. First, it provided that BofA

26  would pay only $2000 per month for the entire B Street Property, which at the time consisted of

27  5 rentable units. This monthly rent would only adjust every 5 years, and that adjustment was

28  designed not even to keep pace with the consumer price index, let alone market rents in the area.

KERR
&
LLP

- 4 -

1  $2000 per month was at the time below-market rent for the B Street Property, and market rent in
2  the Bay Area and for the B Street Property has continually increased at a rate exceeding that of
3  the CPI since 1977.

4      24.    The gap between market rent for the entire B Street Property and the rent BofA
5  paid to the Trust under the lease of that property grew quickly. Indeed, by 1982, the rent for one
6  of the smaller units of the B Street Property was already $675 per month, or less than one third of
7  the rent BofA was paying the Trust for the entire building. And, while that unit was only
8  approximately 1,000 square feet, BofA was occupying over 5,000 square feet of the B Street
9  Property for itself, and paying only $2,000 per month to the Trust.

10      25.    The simple fact is that Defendants made no effort to establish what a fair rental
11  value would be, despite their fiduciary duties to the beneficiaries of the Trust. Defendants
12  further intentionally concealed that BofA would pay the trust below-market rent. In fact,
13  Defendants failed to discuss the rental amount with any beneficiary of the Trust, preferring
14  instead to engage in cozy internal negotiations.

15      26.    The truth about BofA's below market rent arrangement and other misconduct
16  only came out in 2007, as BofA was preparing to vacate the premises and Plaintiff was in the
17  process of finding new tenants.

18      27.    Defendants' disregard of their fiduciary obligations did not end with including a
19  term that allowed it to pay below-market rent to the Trust. Defendants went further, and inserted
20  clauses in the lease allowing BofA to do anything it wanted to the B Street Property, up to and
21  including demolishing the structures on the B Street Property entirely, provided that at the end of
22  the lease, BofA put up a demising wall to separate its property (which was adjacent to the B
23  Street Property) from the B Street Property. In short, BofA was allowed to demolish
24  improvements, construct new improvements and remodel without limits.

25      28.    In addition, the lease omitted terms that would have protected the Trust and are a
26  standard part of any lease. There was no obligation on BofA's part to return the B Street
27  Property to the same financial and/or physical condition at its own expense at termination of the
28  lease, and there was no protection at the termination of tenancy from waste, misuse or

KERR
W ....

- 5 -

1   destruction by BofA. As explained above, Defendants allowed BofA considerable liberty to do
2   just the opposite.

3        29.    The lease also contained boilerplate terms that were helpful to BofA but
4   incredibly oppressive to the beneficiaries of the Trust, who were never even given a meaningful
5   opportunity to negotiate them. The lease contained an arbitration clause and a clause that the
6   prevailing party in any action to enforce or interpret a term of the lease pay attorneys' fees. Such
7   terms characteristically favor the larger party in any transaction, as arbitration is expensive and
8   smaller parties usually cannot face the possibility of paying a prevailing, larger party's attorneys'
9   fees if they lose a lawsuit.

10        30.    Finally, BofA assigned itself the leases in the B Street Property that were in place,
11   and reserved to itself the right to lease the property, but with no obligation to pass through the
12   income from any lease to the Trust. Instead, BofA's only rent obligation was to pay the Trust the
13   exact dollar amount fixed by the lease. To the extent BofA was able to lease the property for
14   more, it could keep the spread and thereby profit from the lease.

15        31.    Despite the presence of these oppressive and self-dealing terms in the lease, BofA
16   never saw to it that the beneficiaries had separate counsel. Rather, Defendants used a lawyer,
17   who, on information and belief, later resigned with disciplinary charges pending against him, to
18   represent BofA and the beneficiaries at once. Defendant Johnston interacted with the attorney.
19   Defendants never disclosed to Plaintiff that the lease allowed BofA to rent the property at below-
20   market rent, despite his and BofA's fiduciary obligation to do so.

21        32.    There is no question that Defendants knew they had to retain separate counsel for
22   the beneficiaries and go through a true process to get valid consents. Indeed, in 1959, BofA
23   leased itself part of the B Street Property for a 25-year term, and retained separate counsel for the
24   beneficiaries and asked a judge to approve the lease. In short, Defendants knew exactly what
25   had to be done to fulfill their fiduciary duties, but chose not to do it.

26        33.    None of the beneficiaries—including Teresa Micheletti—ever signed the lease.
27   Only the Bank's representatives signed the lease, as lessor and lessee.

28

KERR
WAGSTAFFE
LLP

- 6 -
COMPLAINT

1 **BofA's Conduct During The Term of The Lease**

2     34.    Following the nominal termination of the Trust, BofA continued to manage and
3 operate the property in exactly the same way it had prior to the nominal termination of the Trust.
4 BofA had a continuing fiduciary obligation to manage the property in the best interests of
5 Plaintiff Art Micheletti, yet utterly failed to do so.

6     35.    BofA purported to terminate the Trust in 1982. It never submitted any of the
7 transactions to any court for an accounting. Instead, it returned the deed to the B Street Property
8 to Plaintiff Art Micheletti. BofA never, however, assigned the lease to Plaintiff Art Micheletti.
9 Indeed, to this day, not a single member of the Micheletti family has signed the lease or any
10 amendment or assignment thereof.

11     36.    Following this, BofA retained possession of the property, paying rent to the
12 Plaintiff, and later to the Micheletti Family Partnership, while subleasing some of the building
13 and occupying the rest. BofA occupied the same position with respect to operation of the
14 building from 1977 to the day it vacated the premises in 2007. BofA never involved Plaintiff Art
15 Micheletti in management of the building, or informed him that it would look to him for
16 direction as to how to manage the building, or informed him that it would look for and take
17 instruction from him as an owner.

18     37.    Plaintiff Art Micheletti reposed trust and confidence in BofA to act in his best
19 interests with respect to the B Street Property.

20     38.    BofA acted with impunity and never gave Plaintiff Art Micheletti any indication
21 that it did not consider itself a fiduciary with respect to the B Street Property. In 1994-1995,
22 BofA remodeled the property without any notice to Plaintiff Art Micheletti in a way that
23 eliminated two of the six units that were in the B Street Property. The 1994-1995 remodel was
24 based on plans that were never shown to the Michelettis. In that remodel, BofA demolished the
25 rear building completely and built a new section that can only be accessed from its adjacent
26 property. It further installed an elevator, a main electrical panel, telephone room and new
27 stairways, destroying the two units as rental space.

28

KERR
WM ...

- 7 -

1    39.    BofA has continued to remodel as it sees fit, without input from Plaintiff Art

2  Micheletti or any member of the Micheletti family.

3    40.    Further, BofA, while in possession of the B Street Property, acted as the property

4  manager and selected property managers without any involvement by the Michelettis, again

5  giving every indication that it continued to operate in the role it had as of 1977.

6    41.    BofA has now informed Plaintiff Art Micheletti and the Partnership that it will

7  not renew the 30-year lease for five more years, and plans to return the building to them.

8  Because of BofA's conduct with respect to the building, however, two of the six units no longer

9  exist much of remainder is essentially unrentable. BofA, having got its hands on the property

10  years ago in a self-dealing transaction, and having operated the property at its whim for years

11  with no regard to the Michelettis, now wants to wash its hands of the property and stick the

12  Michelettis with the bill. The Michelettis are now faced with the return of a building that is

13  worth far less than it would have been had BofA acted appropriately.

14

15    **FIRST CAUSE OF ACTION**
     **Breach of Fiduciary Duty**
     **(Against All Defendants)**

16

17    42.    Plaintiff hereby incorporates by reference each and every allegation contained in

18  paragraphs 1 through 41, as though fully set forth herein.

19    43.    BofA, and Defendant Larry Johnston as Vice President and trust officer, owed

20  Plaintiff fiduciary duties of loyalty and due care both during the Trust and after its nominal

21  termination. BofA also owed this duty to the Arthur and Janice Micheletti Inter Vivos Trust and

22  the Micheletti Family Partnership as the successors in interest to Plaintiff Art Micheletti's

23  interest.

24    44.    Defendants breached this duty of loyalty, inter alia, by (1) entering into the self-

25  dealing lease described herein, which allowed it to do whatever it wanted with the property, (2)

26  profiting at the expense of the trust beneficiaries by paying below market rent to the Trust while

27  occupying a large portion of the building for itself and subleasing the rest, and (3) causing

28  damage to the building by operating it solely for its own benefit.

KERR

- 8 -
COMPLAINT

1      45.    BofA further breached its duty of due care by failing to manage the B Street

2   Property as a reasonably prudent person would have in the exercise of its own affairs.

3      46.    As a Vice President and trust officer, Defendant Johnston personally participated

4   in these breaches, inter alia, by negotiating the lease with counterparts at BofA and obtaining

5   approval of it, all to the detriment of Plaintiff.

6      47.    As a direct and proximate result of these breaches, Plaintiff has suffered damages

7   in an amount according to proof.

8      48.    Defendants' conduct was wanton, malicious, and oppressive, justifying an award

9   of punitive damages.

10

## SECOND CAUSE OF ACTION
### IMPOSITION OF CONSTRUCTIVE TRUST AND ACCOUNTING
### (Against BofA and Does 1-5)

11

12

13      49.    Plaintiff hereby incorporates by reference each and every allegation contained in

14   paragraphs 1 through 48, as though fully set forth herein.

15      50.    By entering into the self-dealing lease, BofA allowed itself the opportunity to

16   profit from paying the trust a below-market rent. In breach of its fiduciary obligations, BofA

17   would pay the trust a below-market rent, yet occupy part of the building for itself and sub-let the

18   rest of the building, allowing BofA the opportunity to profit by the below-market rent

19   arrangement. Such profit rightfully belongs to Plaintiff.

20      51.    BofA intentionally concealed from Plaintiff that the rent paid under the agreement

21   was below-market rent.

22      52.    BofA in fact profited from the below-market rent arrangement, in violation of its

23   fiduciary obligation to Plaintiff.

24      53.    By virtue of the above wrongful acts, BofA holds its profits from the below-

25   market rent arrangement in constructive trust for the benefit of Plaintiff.

26      54.    BofA has not disclosed to Plaintiff the amount by which it profited from the

27   below-market rent arrangement. An accounting is therefore necessary to determine this amount.

28

KERR

1

**THIRD CAUSE OF ACTION**
**Waste**
**(Against BofA and Does 1-5)**

2

3

4      55.     Plaintiff hereby incorporates by reference each and every allegation contained in

5    paragraphs 1 through 54, as though fully set forth herein.

6      56.     Beginning with the termination of the trust, BofA began to lease the B Street

7    Property from the Plaintiff.

8      57.     BofA had possession of the B Street Property at that time and has remained in

9    possession every since.

10      58.     Commencing at some point unknown, and continuing to the present day, BofA

11   has caused injury to the premises by committing waste thereon by the acts described above.

12   When BofA announced it would not renew the lease and subsequently vacated the premises,

13   Plaintiff was damaged.

14      59.     Before the commencement of BofA's conduct, the B Street Property consisted of

15   six rentable units. It now consists of three units with a vastly diminished value. As a direct and

16   proximate result of BofA's conduct, Plaintiff has suffered damages in an amount according to

17   proof.

18      60.     Each act and omission of Defendant as alleged above was done intentionally and

19   intentionally concealed from Plaintiff. Defendant willfully and maliciously engaged in this

20   conduct with the full knowledge that it would result in substantial damage to the premises and

21   Plaintiff's interest in the premises. Therefore, Plaintiff is entitled to recover treble damages from

22   BofA.

23

**FOURTH CAUSE OF ACTION**
**Constructive Fraud**
**(Against All Defendants)**

24

25      61.     Plaintiff hereby incorporates by reference each and every allegation contained in

26   paragraphs 1 through 60, as though fully set forth herein.

27      62.     BofA was the trustee of the Trust at the time the lease was entered into. Further,

28   BofA remained in a fiduciary position with respect to the B Street Property after the nominal

KERR
W - - - 6 - - - -

- 10 -

COMPLAINT

1    termination of the Trust.  As such, BofA was in a fiduciary relationship with respect to the

2    beneficiary, Plaintiff, and the Assignors as successors in interest to Art Micheletti.

3        63.    Defendant Johnston, as a Vice President and Trust Officer, likewise owed

4    Plaintiff a fiduciary duty.

5        64.    Despite being in this position, BofA gained an advantage at the expense of the

6    beneficiaries of the Trust by entering into the below-market rent arrangement, and continued to

7    profit from this arrangement during the term of the lease.  Defendant Johnston participated in this

8    breach.  Despite their fiduciary obligations, Defendants failed to disclose at any time that it was

9    in fact profiting from the below-market rent arrangement.

10       65.    Defendants did the acts herein alleged with the intent to deceive and defraud

11   Plaintiff, and concealed from Plaintiff the true market rental value of the property.

12       66.    Plaintiff in fact placed confidence and reliance in Defendants until on or about

13   mid-2007, when BofA began preparing to demise the property, when Plaintiff discovered that in

14   fact BofA had been profiting from the below market rental arrangement for years.

15                          **FIFTH CAUSE OF ACTION**
                                     **Negligence**
16                          (Against BofA and Does 4-10)

17

18       67.    Plaintiff hereby incorporates by reference each and every allegation contained in

19   paragraphs 1 through 66, as though fully set forth herein.

20       68.    BofA managed the property for Plaintiff and Assignors.  It therefore owed a duty

21   of due care to them.

22       69.    BofA failed to exercise due care in its management of the B Street Property.

23       70.    As a direct and proximate result of BofA's failure to exercise due care, Plaintiff

24   and Assignors has been damaged in an amount to be proved at trial, including by the return of

25   the B Street Property in condition that is essentially unrentable.

26       71.    BofA's conduct was wanton, malicious, and oppressive, warranting an award of

27   punitive damages.

28

KERR
W  ∙  ○  ○  ○  ○  ○  ○  ○  F

- 11 -
COMPLAINT

**SIXTH CAUSE OF ACTION**
**Conversion**
**(Against All Defendants)**

72.    Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 71, as though fully set forth herein.

73.    BofA obtained the leasehold interest in the B Street Property by its own breach of fiduciary duty.  It then converted the property to its own use for the next 30 years.

74.    As the Vice President and Trust Officer, Defendant Johnston personally participated in wrongfully obtaining the B Street Property for BofA's own use.

75.    As  direct and result of BofA's unauthorized use of the B Street Property, Plaintiff was deprived of the use of the B Street Property, including the ability to lease it for market rent.

76.    Defendant's conduct was wanton, malicious, and oppressive, warranting an award of punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1.    For compensatory damages in an amount according to proof;

2.    For a declaration that BofA holds profits it made by the below-market rent arrangement in constructive trust for Plaintiff;

3.    For an accounting;

4.    For pre-judgment interest;

5.    For costs of suit;

6.    For punitive damages.

DATED: July 16, 2008                           **KERR & WAGSTAFFE LLP**

                                       By  _____
                                           ADRIAN J. SAWYER

                                       Attorneys for Plaintiff
                                       ART MICHELETTI

1    **JURY DEMAND**

2    Plaintiff demands a trial by jury.

3    DATED: July 16, 2008

         **KERR & WAGSTAFFE LLP**

5        By  _____

6           ADRIAN J. SAWYER

7        Attorneys for Plaintiff
         ART MICHELETTI

8

9

10

11

12

13

14

15

16

18

19

20

21

22

23

24

25

26

27

28

KERR

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

**DATE:** 12-19-2005

**TIME:** 9:00 A M

**PLACE:** **Department 212**
**400 McAllister Street**
**San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

**See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges**

1   BUCHALTER NEMER
     A Professional Corporation
2        JAMES B. WRIGHT (#63241)
        RICHARD C. DARWIN (#161245)
3   333 Market Street, 25th Floor
     San Francisco, CA 94105-2126
4   Telephone: (415) 227-0900
     Facsimile: (415) 227-0770
5
     Attorneys for Defendants
6   BANK OF AMERICA N.A. and LARRY JOHNSTON

7

8               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                     **COUNTY OF SAN FRANCISCO**

10

11  ART MICHELETTI, an individual,    )   CASE NO. CGC-08-477590
                             )
12         Plaintiff,         )  **NOTICE TO STATE COURT AND**
                             )  **ADVERSE PARTIES OF REMOVAL OF**
13      vs.                )  **CIVIL ACTION TO THE UNITED**
                             )  **STATES DISTRICT COURT UNDER**
14  BANK OF AMERICA, N.A., a national   )  **DIVERSITY JURISDICTION, 28 U.S.C.**
     banking association, LARRY JOHNSTON, )  **§1441(B)**
15  an individual, and DOES 1-10,    )
                             )
16        Defendants.      )
     _____ )

17  **TO THE CLERK OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

18  **FOR THE COUNTY OF SAN FRANCISCO, AND ALL PARTIES OF RECORD:**

19       **PLEASE TAKE NOTICE** that Bank of America and Larry Johnston, defendants in the

20  above-entitled action, have filed a Notice of Removal with the Clerk of the United States District

21  Court for the Northern District of California, a true and correct copy of which is attached hereto

22  as **Exhibit "1."**

23                                      BUCHALTER NEMER
     DATED: July __, 2008            A Professional Corporation
24

25                              By _____
                                  Richard C. Darwin
26                                 Attorneys for Defendants BANK OF
                                 AMERICA N.A. and LARRY
27                                 JOHNSTON

28

BN 2112095v1                          1

**DEFENDANTS' NTC OF REMOVAL OF CIVIL ACTION**
**CASE NO. CGC-07-466120**               EXHIBIT B